United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jamie Rashad Brown, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Ti'Andre Bellinger, Defendant. ) | Civil Action No. 18-20481-Civ-Scola |

**Order on Motion to Dismiss**

    This case arises from two incidents involving Plaintiff Jamie Rashad Brown and Defendant Ti'Andre Bellinger, a City of Miami police officer. Brown alleges that Bellinger violated his Eighth Amendment rights and is liable for intentional infliction of emotional distress. Now before the Court is Bellinger's motion to dismiss (ECF No. 10). Upon review of the parties' briefs and the relevant legal authorities, the Court **grants in part** and **denies in part** Bellinger's motion (**ECF No. 10**).

    **I.    Background**

    In his Complaint, Brown describes two events occurring two days apart involving Bellinger. Each occurred around 10 p.m. at Brown's place of work, a neighborhood grocery store called Quick Stop. (Compl., ECF No. 1 at ¶ 5–6, 16.)

    The first incident arose from a call to the police by a woman regarding a dispute between two other women outside Quick Stop. (*Id.* at ¶ 6.) Bellinger arrived at the scene in a City of Miami police car and in uniform. (*Id.* at ¶ 7.) By the time Bellinger arrived, all three women had dispersed. (*Id.* at ¶ 6–7.)

    Bellinger approached Brown, who was standing at the store's door, with his gun drawn. (*Id.*) Bellinger ordered Brown to get on the ground and then up against a car. (*Id.*) Bellinger then handcuffed Brown. (*Id.* at ¶ 8.) Over Brown's objection, Bellinger began to search him. (*Id.* at ¶ 9.) Brown told Bellinger that the people who had been involved in the incident had already left, a fact that a co-worker at the scene confirmed. (*Id.*)

    Nevertheless, Bellinger proceeded to pat Brown down. (*Id.* at ¶ 10.) He "inserted his right hand down into [Brown's] boxer shorts, between the inside of [Brown's] boxers, and his uncovered skin," ran his hand along Brown's genitals and "grasp[ed] his testicles." (*Id.*) Bellinger kept his hand in Brown's pants for at least three to four minutes. (*Id.*) Bellinger then proceeded to order

Brown to turn around, slid his hand inside Brown's boxer shorts, along Brown's buttocks, for another two to three minutes. (*Id.* at ¶ 11.) All of this occurred with one of Brown's co-workers present. (*Id.*)

Throughout the search, Bellinger indicated that he was looking for "weed." (*Id.* at ¶ 14.) Bellinger ultimately did find marijuana in Brown's jacket pocket, so Bellinger placed Brown under arrest. (*Id.* at ¶ 14–15.) The State of Florida eventually nolle prossed Brown's case in January 2018. (*Id.* at ¶ 15.)

Two days after the first episode, Bellinger arrived at Quick Stop, where Brown was standing by the front door with a co-worker. (*Id.* at ¶ 16.) Bellinger called Brown by name and ordered him to "get up against the wall," where he initiated a pat-down without handcuffing Brown. (*Id.* at ¶ 17.) When Bellinger's hands reached Brown's boxer shorts, Brown told him to "back off" and that the search was improper. (*Id.* at ¶ 18.) Bellinger did not continue with the search. (*Id.*) Brown also told Bellinger he should leave him alone since he already had one charge pending. (*Id.* at ¶ 19.) At some point, another officer arrived at the scene. (*Id.*) Brown was detained for about 30 minutes. (*Id.* at ¶ 20.)

Bellinger's actions allegedly caused Brown to suffer physical, psychological, and emotional injuries. (*Id.* at ¶ 21.) Brown stopped working at Quick Stop "[b]ecause of the threat of harassment and continued sexual molestation by Bellinger." (*Id.* at ¶ 23.) Brown has also been forced to seek alternative housing and to curtail his visits to the area where Quick Stop is located. (*Id.* at ¶ 26.)

## II.   Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Analysis

Brown asserts two claims in his complaint, an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 and an intentional infliction of emotional distress claim, both of which Bellinger argues should be dismissed. The Court considers each in turn.

#### A. Eighth Amendment Claim (Count I)

Bellinger first argues that the Court must dismiss Brown's first claim because the Eighth Amendment is inapplicable. The Court agrees.

"Section 1983 provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by any person acting under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." *Gomez v. Toledo*, 446 U.S. 635, 638 (1980) (internal quotation marks and citations omitted). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). To state a cause of action under § 1983, a plaintiff must allege that the defendant deprived him of a federal right and that the defendant deprived him of that right under the color of state or territorial law. *Gomez*, 446 U.S. at 640.

Brown alleges that Bellinger violated his Eighth Amendment rights by using "excessive and humiliating force." (Compl., ECF No. 1 at ¶ 28.) But, as

Bellinger contends, it is well-established that the Eighth Amendment applies only after someone is convicted. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 398 (1989) ("[T]he less protective Eighth Amendment standard applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." (internal quotation marks omitted)); *Dennis v. Brevard Cty.*, No. 6:17-cv-1971-Orl-37GJK, 2018 WL 1939490, at *2 (M.D. Fla. Mar. 23, 2018), *report and recommendation adopted*, No. 617CV1971ORL37GJK, 2018 WL 1933686 (M.D. Fla. Apr. 24, 2018) ("The Eleventh Circuit, however, has held that the Eighth Amendment applies only to punishments inflicted after conviction for crimes." (internal quotation marks omitted)). In fact, Brown concedes that Bellinger's argument "may be well-taken." (Response, ECF No. 14 at 2.)

Oddly enough, Count I also seems to acknowledge this when it states that "[t]he Eighth Amendment prohibits law enforcement officers from using cruel and unusual punishment on *incarcerated* citizens." (Compl., ECF No. 1 at ¶ 28 (emphasis added).) Nothing in the Complaint indicates that Brown was convicted at the time he was searched by Bellinger.

Rather than present the Court with any argument regarding the propriety of his reliance on the Eighth Amendment, Brown states that Count I also "alleges a general violation of section 1983," and "a violation of unreasonable searches under the [F]ourth [A]mendment." (*Id.* at 2, 4.) Brown spends the majority of his response discussing *Dickey v. United States*, 174 F. Supp. 3d 366 (D.D.C. 2016), a case where a district court permitted a Fourth Amendment unreasonable search claim based on relatively similar facts to survive a motion to dismiss. *See Dickey*, 174 F. Supp. 3d at 369–371.

The problem with Brown's argument is that the Complaint makes no reference to the Fourth Amendment. Instead, the Complaint expressly states that "[t]he first count is against Defendant for a federal civil rights violation . . . under the *Eighth Amendment* . . . for the use of unnecessary and excessive force which caused cruel and unusual punishment as well as physical and emotional distress." (Compl., ECF No. 1 at 1 (emphasis added).)  Count I itself repeatedly refers to the Eighth Amendment. (*See id.* at ¶¶ 28–29.)

Brown states in a footnote that "[i]f the Court prefers," he could redraft Count I, "although [ ] discarding [ ] the [E]ighth [A]mendment claim should correct any confusion in Count I." (Response, ECF No. 4 at 4, n.5.) Bellinger argues in reply that attempt to raise a Fourth Amendment claim would be futile.

The Court will not attempt to piece together a Fourth Amendment claim for Brown, nor will the Court grant Brown leave to amend his Complaint to add a Fourth Amendment claim without an explicit request from Brown and a

showing of good cause. The only constitutional claim at issue is an Eighth Amendment claim that is not actionable. Accordingly, the Court grants Bellinger's motion to the extent he asks the Court to dismiss Count I and **dismisses Count I with prejudice**. If Brown would like to raise a different constitutional claim, he must seek leave from the Court to file an amended complaint or obtain written consent from Bellinger to do so. *See* Fed. R. Civ. P. 15(a)(2).

### B. Intentional Infliction of Emotional Distress

Bellinger next argues that Count II of Brown's Complaint is subject to dismissal because Brown failed to allege the level of outrageous conduct or injuries necessary to sustain an intentional infliction of emotional distress claim under Florida law. Brown contends that the jury must decide whether Bellinger conducted an overly intrusive search, among other general non-legal arguments.

Under Florida law, to state a claim for intentional infliction of emotional distress, a plaintiff must show: "(1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) that the conduct caused emotional distress; and (4) that the distress was severe." *Nettles v. City of Leesburg Police Dep't*, 415 F. App'x. 116, 122 (11th Cir. 2010) (quoting *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990)). "Outrageous conduct" is "behavior that goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community." *Rubio v. Lopez*, 445 F. App'x 170, 175 (11th Cir. 2011). Additionally, "a heightened degree of outrageousness can be supplied by facts showing extreme abuse of position." *Williams v. City of Daytona Beach*, No. 604CV1879ORL1KRS, 2005 WL 1421293, at *7 (M.D. Fla. June 16, 2005)). "Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous to support a claim for intentional infliction of emotional distress." *Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557 (11th Cir. 2008). This Court, among others, has recognized that the issue of whether allegations rise to the required level of outrageous conduct is a question of law, not fact, and is determined by the Court. *See, e.g., Tarpley v. Miami-Dade Cty., Fla.*, No. 15-20997, 2015 WL 1355498, at *3 (S.D. Fla. Oct. 13, 2015) (Scola, J.); *Nias v. City of Florida*, No. 07-22727, 2008 WL 2332003, at *6 (S.D. Fla. June 4, 2008) (Moreno, J.).

Viewing the facts alleged in the light most favorable to Brown, Bellinger intrusively searched Brown without warning or reason, which caused him emotional distress and other injuries. District courts, including this Court, have found that unprovoked and unwarranted assaults combined with

allegations of severe emotional distress and bodily injury rise to the level of outrageous conduct necessary to plead an intentional infliction of emotional distress claim. *See, e.g., Tarpley*, 2015 WL 13554983, at *3 (denying motion to dismiss intentional infliction of emotional distress claim where plaintiff alleged that an unwarranted, unprovoked detention by officers resulted in physical abuse and assault, which caused emotional distress and physical injury); *Nias*, 2008 WL 2332003, at *6 (denying motion to dismiss intentional infliction of emotional distress claim where the plaintiff alleged that an officer attacked him without reason and then improperly searched and detained him); *Williams*, 2005 WL 1421293, at *9 (finding that allegations of unwarranted, unprovoked detention by officers resulting in physical abuse and assault were sufficient to assert claim of intentional infliction of emotional distress). While Brown fails to describe the physical injuries he has suffered, he does allege facts to support that he has suffered severe emotional distress. The facts alleged also appear to supply a heightened degree of outrageousness because Bellinger may have abused his position in the incidents described. *See Tarpley*, 2015 WL 13554983, at *3. Brown has therefore alleged enough facts that, if proven, could rise to the level of outrageous conduct necessary to prove an intentional infliction of emotional distress claim. The Court therefore denies Bellinger's motion to the extent he asks that Count II be dismissed.

### IV. Conclusion

The Court therefore **grants in part** and **denies in part** Bellinger's motion to dismiss (**ECF No. 10**). The Court dismisses only Count I with prejudice. Bellinger shall respond to the remaining portions of the Complaint on or before **January 16, 2019**.

**Done and ordered** in chambers, at Miami, Florida, on January 2, 2019.

Robert N. Scola, Jr.
United States District Judge